```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

ROBERT CHARLES ERVIN                                        PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:09CV47TSL-JCS

SPRINT COMMUNICATIONS COMPANY,                              DEFENDANTS
L.P., ET AL.

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Sprint Communications Company L.P. (Sprint) for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff Robert Charles Ervin has not responded to the motion, and the time for doing so has expired.  Having reviewed Sprint's memorandum of authorities and accompanying attachments, the court concludes that the motion is well taken and should be granted.

In his complaint, plaintiff has alleged that Sprint, in an effort to be the first to complete a financially advantageous nationwide fiber-optic network, collaborated with various railroad companies to bury the fiber-optic technology in the railroads' right-of-ways which are on plaintiff's land.  According to the complaint, as the railroad companies' right-of-ways are limited in scope to purposes necessary to the operation of the railroad, the railroad companies had no right to grant to Sprint a license to bury its cables and thus, in burying its cables on his land

without his knowledge or consent, Sprint violated his rights as a property owner. On this factual basis, the complaint purports to set forth claims for trespass, unjust enrichment and slander of title. In addition to seeking injunctive and declaratory relief, plaintiff seeks compensatory damages for the alleged diminution in value of the land caused by Sprint's alleged trespass.

By its motion for summary judgment, Sprint, citing Johnson v. Kansas City Southern, 224 F.R.D. 382 (S.D. Miss. 2004), aff'd, 208 Fed. Appx. 292 (5th Cir. 1996), argues, among other things, that inasmuch as the railroad companies own the right-of-way in fee, instead of having only an easement as alleged by plaintiff, none of plaintiff's claims can stand. In Johnson, this court recognized that "[t]he solution to the question" whether a railroad held fee simple title to, or a mere easement in and over, a strip of land which was part of the right-of-way of the railroad, depends on an interpretation of the relevant title documents, in light of the pertinent facts and circumstances extrinsic to the provisions of the deed, as affected by any pertinent legislative enactments. Id. (citations omitted). In support of its motion in this case, Sprint has presented unchallenged proof that the railroad corridor abutting plaintiff's property, was and is owned by the railroad companies in fee simple. This proof includes a deed from James A. Sturgis,

2

plaintiff's predecessor in title, dated April 6, 1853, which recites that Sturgis

> donates, grants, alienates, and conveys, and by these presents do donate, grant, alien and convey unto the said New Orleans, Jackson and Great Northern Rail Road Company such part and portion of the aforesaid tract of land as may be necessary under the provisions of the Charter of said Company to build and construct said Road, together with all such timber, stone, earth, gravel and other materials which may be found on said tract of land necessary and proper to be used in the construction of said Road.

This language does not vary in any material respect from the language at issue in <u>Johnson</u>, which this court held conveyed fee simple title. Thus, here, as in <u>Johnson</u>, the court concludes that the railroad companies owned the rail corridor in fee simple, and that plaintiff therefore has no standing to assert claims based on the railroad companies' decision to allow Sprint to bury its fiber-optic cables. Accordingly, Sprint's motion for summary judgment will be granted.

Based on the foregoing, it is ordered that Sprint's motion for summary judgment is granted.

SO ORDERED this the _18th_ of May, 2009.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE